UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-30039-MAP |
| ) | |
| v. ) | |
| ) | |
| JULIO MARIN, ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY CONCERNING EXPERTS

The United States of America, by and through its undersigned attorneys hereby files this Response to Defendant's Motion to Compel Discovery Concerning Experts.

On November 15, 2005 the defendant sent the government a discovery letter requesting discovery regarding expert witnesses. On the same date the government sent the defendant a detailed, two pages single spaced response. On November 17, 2005 the defendant subsequently filed the instant motion requesting more discovery regarding the government's experts.[1]

The government objects to the defendant's Motion as

---

[1] The Court's Scheduling Order entered June 28, 2005, required that discovery letters be "sent and filed by August 4, 2005." Order at 1. Responses to discovery letters were to "be sent and filed within fourteen days ... or on or before August 18, 2005, whichever date shall first occur." Id. Discovery Motions were to be "filed on or before fourteen days after the receipt of the opposing party's declination ... or fourteen days after the opposing party has received the discovery request letter...". Id at 2. Therefore, the defendant filed a discovery letter and a discovery motion approximately four months late without explanation and without requesting leave of the Court to file untimely. The government moves that the Court deny the defendant's Motion as untimely. In the event that this request is denied, the government relies on the following in support of it opposition to the defendant's requests.

1

requesting information beyond that required by F.R. Crim. P. 16(a)(1)(G) which requires only that "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. ... The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

The defendant now request's particularization of the testimony of the government's experts which is beyond that required by Rule 16 and he cites no cases in support of his requests.  In the event that this case goes to trial, the government will prepare transcripts of the intercepted conversations which will set forth what is said by the defendant, the cooperating witnesses and others present.  These transcripts will be provided to the defendant sufficiently in advance of trial to allow the defendant to effectively prepare for cross-examination the government's expert witnesses.  Preparation of the transcripts is expensive and very time consuming and will not be necessary in the event the defendant pleads guilty.  Therefore, the government should not be required to expend the resources necessary to create transcripts at this stage of the case.

Therefore, the government objects to the defendant's motion

2

to compel the requested discovery regarding expert witnesses.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

TODD E. NEWHOUSE
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                              Springfield, Massachusetts
                                          November 18, 2005

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via mail to all counsel of record.

TODD E. NEWHOUSE
Assistant U.S. Attorney