UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                       )      Criminal No. 05CR30039-MAP<br>)<br>JULIO MARIN                         )<br>_____) | |

MOTION TO FOR PERMISSION TO REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL DISCOVERY CONCERNING EXPERTS
AND DEFENDANT'S REPLY

MOTION   Julio Marin hereby moves the court to accept this reply (below) to the government's response to defendant's motion to compel certain discovery concerning experts. The main reason for the reply is to bring to the court's attention an agreement between the parties concerning the timing of discovery requests and motions. The reply is limited to the issue of timing.

REPLY   In its reply, the government argues that defendant's request for expert discovery and subsequent motion to compel should be denied because they were filed outside the time frame permitted by the court's initial scheduling order of June 28, 2005.  Aside from the issue of whether expert discovery was covered by the initial order, the government's lateness argument ignores four important facts.

1)   FAILURE OF THE GOVERNMENT TO PRODUCE AUTOMATIC DISCOVERY TIMELY:  The court's scheduling order of June 28, 2005 began with a date for the government

to produce materials required in automatic discovery on or before July 7, 2005 and the other deadlines were keyed off of this first deadline. The government did not meet the July 7, deadline. In fact, it was not until July 29, 2005 that counsel was first notified that any of the VHS tapes, CDs and DVDs (required to be produced by automatic discovery) were first made available to defense counsel.

2) TIME SCHEDULE CHANGED DUE TO LATE DISCOVERY: On August 4, 2005, the court held a status conference at which the government's attorney acknowledged that the production of audio and video material had just occurred. On August 4, following the conference, the court issued an Initial Status Report reflecting the recent production of materials and setting a further interim status conference for October 14, 2005. Docket No. 19. *Sub silencio* or inferentially, the August 4 report had the effect of overriding the deadlines established on June 28 which had been premised on timely compliance of automatic discovery.

3) AGREEMENT BY COUNSEL FOR DEFENDANT TO FILE DISCOVERY REQUESTS AMD MOTIONS AFTER REVIEW OF AUDIO AND VIDEO DISCOVERY: Prior to the August 4 hearing, counsel in this case expressly agreed that it would be acceptable to the government for defendant to file discovery requests and motions <u>after</u> an opportunity to review the video and audio discovery. The specific agreement was memorialized in a letter by defense counsel to the court dated August 3, 2005. That letter is filed as Docket No. 18. In part, the letter reads:

> Automatic discovery in this case consists mostly of video and audio tape recordings which were first made available to me on Friday of last week, and I have only now received them. It was my understanding with Mr. Newhouse that he would agree to continue time schedules to allow me to make discovery requests and file discovery motions, if necessary, after an opportunity to review these video and/or audio recordings.

Page 2 of 4

Letter to the Court, Docket No 18, paragraph 2.

Due to technological and logistical problems beyond the control of the defendant (who is in custody) and defense counsel, the review of the large number video and audio recordings is not yet complete because counsel has not yet been able to have the assistance of his client. The difficulties in arranging for the defendant to see and hear what are specially formatted CDs and DVDs were difficulties caused in part by the government's choice of medium, that, is a medium that requires a computer to access (not merely a VCR, tape player or DC player). The difficulty of computer access for federal pretrial detainees may not have been initially foreseen by the government, but although these problems had been brought to the attention of the government, the government has not offered a solution.

5) MOTION TO COMPEL EXPERT DISCOVERY FOCUSED DIRECTLY ON ISSUES CONCERNING AUDIO AND VIDEO DISCOVERY: The motion to compel certain expert discovery focuses directly of issues concerning and arising out of the audio and video discovery.

CONCLUSION: In sum, the government's assertion that defendant's expert discovery letter and motion are beyond court ordered time limits is incorrect, and the government's argument that the motion should be denied due to lateness is without basis, unreasonable in the

circumstances, and in direct contravention of an express agreement between the parties.

Date: November 19, 2005

Respectfully submitted,
JULIO MARIN, By His Attorney

_____
Myles Jacobson    BBO #249600
Jacobson & Fellows
P.O. Box 597
90 Conz Street
Northampton, MA 01061
Tel: (413) 584-8181

## CERTIFICATE OF SERVICE

I, Myles Jacobson, do hereby certify that I caused a copy of the foregoing document to be mailed to the attorney of record: Todd E. Newhouse, Assistant U.S. Attorney, Office of the United States District Attorney, District of Massachusetts, Federal Building and Courthouse, 1550 Main Street, Room 310, Springfield, MA 01103 on November 19, 2005.

_____
Myles Jacobson