UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2005 NOV 25 A 6: 55
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
v. )   Criminal No. 05CR30039-MAP
)
JULIO MARIN )
)
)

## DEFENDANT'S MOTION TO COMPEL DISCOVERY CONCERNING EXPERTS

Julio Marin hereby moves to compel certain discovery concerning the testimony of each exert witness the government intends on using in the Marin trial in its case-in-chief. Marin seeks a summary of all expected expert testimony concerning communications between Marin and Cooperating Witnesses allegedly related to illegal drug transactions, and in particular, Marin requests that the summary include such expert testimony which purports to identify and/or interpret particular words or other communications as having particular meaning in the context of drug transactions. If, for example, the government intends to call an expert to testify that "X" as used by Marin or used by a CW in their communications, actually means "crack," Marin requests that the discovery summary identify a) what the "X" is, b) what "X" means in his/her opinion, c) who will testify to that effect, d) the basis of that person's opinion and e) the expert's qualifications. In support, Marin states:

1. Marin requested expert discovery by letter dated November 15, 2005 and faxed to the government on that date.

1

2. On the same day, the government responded and provided responsive information in a general nature. On page two paragraph 1 of its letter, the government states:

> The government intends to ask the GTF agents about terms used during the conversations between the defendant and the cooperating witness (CW) regarding drug quantities. The government will also ask the GTF agents about the references to amounts of money discussed during the conversations and expects that they will testify that those amounts are consistent with the prices in this area at the relevant time.

3. The government's letter continues in the following paragraphs to say what certain terms mean in general ussage, such as "raw" meaning "cocaine." But, the letter does not indicate whether those are the terms which are referenced above and are used in communications between Marin and CWs.

4. In this case, there are many hours of alleged taped conversations and DVDs between Marin and CWs. Some of the conversation is in Spanish, mostly it is in English. Without the requested discovery, Marin will have know way of knowing which particular terms (in English or Spanish) the government experts may testify actually means something which is potentially inculpatory.

5. Without an order to compel, the defendant will not have advance knowledge of what meaning government experts may attribute to particular terms used in communications between Marin and CWs, and therefore will not be able to prepare a pre-trial challenge to such testimony under Daubert, prepare to cross-examine, or prepare to present contrary defense opinion testimony.

6. Fed.R.Crim.P. 16(a)(1)(G) requires the government to provide, on request, a written summary of the testimony of each expert witness the government intends on using in Marin's

trial in its case-in-chief which includes (1) the witness' opinions, (2) the bases and the reasons for those opinions, and (3) the witness' qualifications. Rule 16 Advisory Committee Notes indicates that this summary should (1) provide the defendant with a fair opportunity to test the merit of the expert's testimony through focused cross-examination, (2) inform the defendant whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion, (3) cover not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts, and (4) include both scientific and nonscientific experts. See, Advisory Committee Notes 1993 Amendment to Rule 16(a)(1)(E) (later renumbered as 16(a)(1)(G)).

7. Marin has properly asked for the discovery in question, and the government's response fails to provide sufficiently specific information.

8. In a phone conversation between counsel today, the parties were unable to narrow their differences in regard to this motion.

WHEREFORE, Julio Marin requests that the government be ordered to provide the discovery requested herein.

3

Date: November 17, 2005

Respectfully submitted,
JULIO MARIN, By His Attorney

*Myles Jacobson*
Myles Jacobson
Jacobson & Fellows
90 Conz Street
P.O. Box 597
Northampton, MA 01061
Tel: (413) 584-8181
BBO #249600

## CERTIFICATE OF SERVICE

I, Myles Jacobson, do hereby certify that I caused a copy of the foregoing document to be hand delivered to the attorney of record: Todd E. Newhouse, Assistant U.S. Attorney, Office of the United States District Attorney, District of Massachusetts, Federal Building and Courthouse, 1550 Main Street, Room 310, Springfield, MA 01103 on November 17, 2005.

*Myles Jacobson*
Myles Jacobson

4