UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Request for Hearing

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )     Criminal No. 05CR30039-MAP
                                    )
JULIO MARIN                         )
_____)

MOTION FOR RELEASE FROM CUSTODY
AND REQUEST FOR HEARING
_____

      The Defendant, Julio Marin, is currently being held without conditions of release following a hearing before the Magistrate on June 23, 2005. For reason stated below, Defendant requests that the court re-consider the matter of his pre-trial detention and upon reconsideration set conditions of release that will adequately secure the safety of the community and his return to court. Among other reasons for release, the Defendant's ability to assist counsel in preparation of his defense has been impaired because his custody has prevented him from reviewing the extensive discovery in this case.[1]  A hearing with the Defendant present is requested.

---

    [1] As reported previously, the Franklin House of Correction (where Defendant is in custody) has informed counsel that it has ordered a computer with a DVD player for use by detainees. However, to date, counsel has been unable to determine whether the equipment has arrived. Even assuming the computer does arrive soon, and assuming set up occurs uneventfully, delays may be anticipated because of problems with scheduling use of the equipment. Given the large number of audio and video hours which need to be reviewed in Defendant's case, other responsibilities of jail staff, and the likelihood that defendant is not the only person who may use the one computer available, it is more likely that Defendant can review the discovery in a timely fashion, if he is released.

1) At his original detention hearing, the Magistrate considered a variety of factors including the fact that all of the available places that the Defendant might reside were in the Central Street area, a reputed drug trafficking area, where it was alleged that defendant had been conducting illegal drug activities.  One of the individuals with who he may have been able to reside at that time was Annette Garcia, Defendant's common law wife.  Although there was no allegation that she was involved in any illegal activities, she lived at 96 Central Street, and the Magistrate commented that the location was unsuitable.  Subsequent to the Magistrate's original determination, a number of events have occurred which make reconsideration appropriate.

2) An extended period of time has gone by in which the Defendant has been entirely removed from the alleged drug activities with which he was involved.  (June 15 to date.)

3) There have been long, unanticipated delays in the discovery phase of the trial due to no fault of the Defendant.  Those delays occurred and continue to occur because the place where Defendant is detained has not had any computer with a DVD player for use by detainees, and this has prevented the Defendant from viewing the audio and video discovery while in custody.

4) Ms. Garcia has informed counsel that she could and would rent the necessary computer equipment for use by Defendant, should he be released and allowed to live in her apartment.

5) According to Ms. Shelia Green of the Springfield Public Library Reference Department, computers with DVD players are available for public use in the Computer Lab at 220 State Street from 1-5 PM Monday through Saturday and Sunday from 12-5 PM.

6) If released from custody, the Defendant would have an opportunity to review the audio and video discovery by either using library facilities or by Ms. Garcia renting the necessary equipment.

7) Annette Garcia has moved from 96 Central Street to 350 Dickinson Street in Springfield. This is an apartment that is not located in the reputed drug area and is a place that would be available for the Defendant to reside pending trial. Ms. Garcia is committed to the Defendant and the two have plans to marry at the beginning of the year. The following information about Ms. Garcia is provided to the extent it might be relevant to the court's evaluation. Ms. Garcia's date of birth is 10/14/1970. She was born in New York City where she completed the eleventh grade and received her GED in 1994. She completed a year and a half of college at Technical Career Institute. In June 2005, she took a course at Branford Hall Career Institute in Springfield to study medical billing. Most recently, she worked as a customer service representative for three years at First Notice Systems, 365 Caldwell Drive in Springfield. She stopped working in January 2005 because she could no longer continue to work a night shift due to an asthma condition of one of her children. Ms. Garcia has three children ages 7, 13, and 15, all of whom are in school. She has no criminal record with the exception of a plea of guilty approximately two years ago to being an accessory after the fact of an assault. She is currently on probation until June 2006. She reports that her probation officer, George Nichols, is aware that Julio Marin is awaiting trial on federal drug charges and has no objection to his residing with Ms. Garcia pending trial. She has visited Manpower and Preferred People Staffing to obtain possible information for placement for Mr. Marin should he be released pre-trial and be allowed to work. She reports that her children are all extremely fond of Mr. Marin and accept him as a member of the family. Ms. Garcia is willing to have Mr. Marin monitored while at her house in any manner that the court would deem appropriate.

8) The Defendant himself has two children ages 10 and 13, with whom he visited on

weekends prior to his detention. The Defendant was born and grew up in Springfield and has no relatives outside of the Springfield area with the exception of his paternal grandmother who resides in Providence, Rhode Island. The Defendant's most recent employment was as a maintenance worker.

WHEREFORE, Defendant respectfully requests that the court order his release on such conditions as the court deems appropriate.

                                            Respectfully submitted,
                                            JULIO MARIN, By His Attorney

                                            *s/ Myles Jacobson*

Date: December 1, 2005                          _____
                                            Myles Jacobson, BBO #249600
                                            Jacobson & Fellows
                                            90 Conz Street, P.O. Box 597
                                            Northampton, MA 01061
                                            Tel: (413) 584-8181

(Filed and Served by ECF 12/1/05)