UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
) Criminal No. 05-30039-MAP
)
)
v. )
)
JULIO MARIN, )
      Defendant. )

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR A STAY

The United States of America, by and through its undersigned attorneys hereby files this Response to Defendant's Motion for Reconsideration and for a Stay.

On November 15, 2005, the defendant sent the government a discovery letter requesting discovery regarding expert witnesses. On the same date the government sent the defendant a detailed, two page, single spaced response. On November 17, 2005, the defendant subsequently filed a Motion to Compel Discovery Concerning Experts requesting more discovery regarding the government's experts. The Government's Response to Defendant's Motion to Compel Discovery Concerning Experts was filed on November 18, 2005. On November 29, 2005, the Court denied the defendant's motion without prejudice and stated "[h]aving examined the pleadings, the court believes that the Government has met its obligations under Fed. R. Crim. P. 16(a)(1)(G) at this time. Defendant is free to renew his motion if and when transcripts are provided. See Local Rule 116.4(B)."

1

The government objects to the requests for more discovery at this time as set forth in the Defendant's Motion for Reconsideration and for a Stay. The government relies on the arguments set forth in the Government's Response to Defendant's Motion to Compel Discovery Concerning Experts and the arguments set forth below.

The defendant states that the Court's ruling "has the effect of a denial with prejudice, unless transcripts are provided" because "the Government has no obligation to provide transcripts." Motion at 2. The government intends to create transcripts for use at trial in this case as it has in every other case tried by the undersigned in which tape recorded conversations are admitted into evidence. The use of transcripts in this case, although not required, is necessary in the government's view in order to facilitate the jury's assimilation of the evidence. Without predicting how this case will be resolved, the government notes that the vast majority of criminal cases are resolved by way of a change of plea. Because of the resources involved, the government does not create transcripts of the conversations recorded during drug deals until it is clear there is going to be a trial.

As stated in its earlier response, the government objects generally only to the timing of the request. Although this Court previously ordered more discovery at an early stage in the

<u>Capleton</u> case, forcing the government to comply with the additional discovery requests by the defendant at this time would be burdensome and time consuming. The government has provided the defendant with a response which contains many of the phrases and words the government will ask the agents to explain to the jury. Upon completion of the transcripts there will in all likelihood be only several more phrases and/or words which will be added.

The government's view is that this will not be a burden to the defendant because in the event that the defendant obtains an expert, the additional words and/or phrases can be provided to his expert at that time. There will not be a voluminous amount of additional discovery provided. The government requests that it be allowed to provide that information to the defendant 21 days before trial together with the discovery required by L.R. 116.2(B)(2).

Therefore, the government objects to the Defendant's Motion for Reconsideration.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

*/s/ Todd E. Newhouse*
TODD E. NEWHOUSE
Assistant United States Attorney

3

CERTIFICATE OF SERVICE

Hampden, ss.                                Springfield, Massachusetts
                                            December 14, 2005

    I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via mail to all counsel of record.

                                                     TODD E. NEWHOUSE
                                                     Assistant U.S. Attorney