UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Oral Argument Requested

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05CR30039-MAP |
| | ) |
| JULIO MARIN | ) |
| | ) |

DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S ORDER OF 12/13/05
_____

    Julio Marin hereby files his objection to the Magistrate Judge's order of December 13, 2005, denying defendant's motion for release from pre-trial detention.  As reasons therefore, the relies upon the facts and arguments stated in the Motion for Release from Custody dated December 1, 2005, (docket # 39) and First Motion for Reconsideration of Release Motion dated December 15, 2005, (docket # 48).

    Continued detention has the practical effect–in this case--of denying the defendant an opportunity to review the extensive specially formatted CD and DVD discovery provided by the government.  It does little good for counsel to listen and watch the discovery without being able to consult with the defendant about precisely what is or is not happening in the events which are recorded.  Whose voices are recorded, what words are said, what they mean and what else was going on are questions with which the defendant may be of considerable assistance, but only if he himself has an opportunity to listen and watch the same material.  As things are, neither the

defendant himself not trial counsel can prepare for trial or even evaluate whether or not trial is the appropriate course. In short, the defendant is now constructively deprived of counsel in violation of his Sixth Amendment right to counsel.

The United States Supreme Court has held that "[defense] counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668, 690, 691(1984).

"[O]ne of the most serious deprivations suffered by a pretrial detainee is the curtailment of his ability to assist in his own defense." Wolfish v. Levi, 573 F.2d 118, 133 (2nd Cir. 1978) reversed on other grounds, Bell v Wolfish, 441 U.S. 520 (1979).

Since the Magistrate Judge's ruling has the effect of maintaining a situation which eviscerates defendant's constitutional right to effective assistance of counsel, defendant respectfully objects and requests that this court order the defendant released under such conditions as the court deems appropriate.[1]

December 20, 2005

Respectfully Submitted,
Julio Marin, by his attorney,

s/ Myles Jacobson

_____
Myles Jacobson, BBO #249600
Jacobson & Fellows
90 Conz Street
P.O. Box 597
Northampton, MA 01061
Tel: (413) 584-8181

---

[1] Although not expressly argued, defendant does not waive his constitutional Due Process, Equal Protection and Speedy Trial rights which are also impinged upon by continued pretrial detention.