UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Criminal No. 05CR30039-MAP |
| JULIO MARIN ) | |

MOTION FOR INDEPENDENT TESTING OF ALLEGED DRUG EXHIBIT #58
_____

The Defendant, Julio Marin, hereby moves the Court to allow him to have Exhibit #58 (allegedly obtained from Defendant in a controlled buy on May 25, 2004) tested by an independent laboratory at government expense with such testing to a) determine the net weight and b) identify all chemical substances in the sample.

In support thereof, Defendant says:

1. Defendant is indigent and cannot afford to have the testing done.

2. In Count II of the Indictment issued on June 2, 2005, Defendant was charged with distribution and possession within intent to distribute 5 grams or more of cocaine base in the form of crack cocaine.

3. Under the applicable statute, there is a mandatory minimum penalty for 5 grams of cocaine base which is greater than the penalty for under five grams.  Also, whether the substance "cocaine base" and/or was "crack cocaine" have consequences for sentencing.

3. According to the DEA-7, dated June 6, 2004 and provided in discovery in this case, Exhibit #58, a substance allegedly obtained in a controlled buy from the defendant on May 25, 2004, contained 5.6 grams (net weight) of "cocaine base." The DEA -7 also indicates that the the cocaine base was 68% of that 5.6 gram weight. The DEA-7 does not identify what other substance or substances were contained in that sample. Finally, the DEA-7 indicates that, after testing, the net weight of Exhibit #58 was 4.9 grams.

4. To explain the timing of this motion, defendant notes: As part of discovery in this case, the government furnished numerous CDs and DVD's including a CD which allegedly contained the recorded conversation on May 25, 2004 between the defendant and the person who allegedly made the controlled buy. For reasons presented to the court, the defendant was only able to hear the May 25, 2004 recorded conversation within the last week. The delay in listening to this conversation was not due to any fault of the defendant or counsel, but rather due to technological problems which counsel has been diligently attempting to solve. It was counsel's opinion, that he could not formulate an opinion about further discovery needs and possible motions until his client was able to listen to that recorded conversation.

5. The testing sought by this motion is needed for several reasons: a) Knowing the full chemical composition of the exhibit may have a bearing on whether the exhibit is "crack cocaine." b) Independent weighing may reveal that the Exhibit is less (and by inference, was less) than the amount determined by the government's chemist; and c) the information may support possible a motion to suppress evidence of 5 or more grams on the grounds that a) the Exhibit weighs under 5 grams and b) the government's pre-indictment testing unnecessarily destroyed the defendant's ability to defend himself by either observing the destructive testing or

obtaining independent testing of the weight.

    WHEREFORE, Defendant requests that this motion be allowed.

                                      Respectfully submitted,
                                      JULIO MARIN, By His Attorney

                                    *s/ Myles Jacobson*

Date: February 23, 2006                  _____
                                      Myles Jacobson, BBO #249600
                                      Jacobson & Fellows
                                      16 Center St.  Suite 314
                                      Northampton, MA 01060
                                      Tel: (413) 584-8181

(Filed and Served by ECF)