UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
) Criminal No. 05-30039-MAP
)
V. )
)
)
JULIO MARIN, )
        Defendant )

MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT
OR ALLOW DEFENDANT TO PLEAD TO INDICTMENT EXCEPT FOR CERTAIN WORDS

     Defendant Julio Marin hereby moves to strike surplusage from the above indictment or in the alternative to allow him to plead guilty only to so much of each count in the indictment as contains the elements of the charge as set forth in the controlling statutes, 21 U.S.C. sec. 841 and 18 U.S.C. sec. 2. More specifically, defendant seeks to strike the words "in the form of crack cocaine" from each count or to be allowed to plead to each count as charged with the exception only of those words. In support, defendant states:

     1. Cocaine base "in the form of crack cocaine" is not part of any element of the crimes charged as defined by 21 U.S.C. sec. 841 or 18 U.S.C. sec. 2.

     2. Defendant now intends to plead guilty to the crimes charged. (In fact, he is prepared to do so, even if relief requested here is denied.) However, since the words "in the form of crack cocaine" do not appear in the applicable statutes, keeping the words in the indictment requires defendant to make an unfair choice: either a) to plead to the indictment with prejudicial words that are not elements of the crimes charged, but which under the Guidelines may lead to an enhanced

penalty or b) to proceed to trial.   Therefore, keeping the extra words in the indictment tends to interfere with defendant's right to plead guilty to the crimes charged, to demonstrate acceptance of responsibility, and to obtain a three point reduction in the Guidelines calculation.   Defendant asserts that he should not be required to accept responsibility for "crack cocaine" as a condition of being allowed to accept responsibility and plead to all the elements of the crimes as defined by statute.

3. Also, since the words "in the form of crack cocaine" do not appear in the applicable statutes, declining to strike the words in the indictment tends to violate defendant's 5th Amendment due process rights to fair notice.

4. In the instant case, even if the Guidelines were mandatory (which, under Booker, they are no longer), the fact that the cocaine base may have been "in the form of crack cocaine" would not affect the maximum possible sentence.   This is so because Count II charges more than five grams and because the defendant has a prior drug felony conviction which became final prior to the instant offense.   According to the statute--in such a situation--the maximum penalty is life, and no greater sentence could be imposed.   21 U.S.C. sec. 841(b)(1)(B).

5. After Apprendi v. New Jersey, 530 U.S. 466 (2000) and before U.S. v. Booker, 543 U.S. 220 (2005), there was reason to require that the words "in the form of crack cocaine" be included in an indictment under sec. 841.   This was necessary to protect the defendant's right to have a jury determination beyond a reasonable doubt on fact issues like this which could result in the defendant receiving an enhanced penalty in excess of the statutory maximum sentence.   Now, however, with the Guidelines being only advisory, there should no longer be any basis whereby a judge could exceed the statutory maximum.

6.  If defendant is allowed to plead to the indictment without the words "in the form of crack cocaine," issues about "crack cocaine" would be left alive for the sentencing phase of the case.

ACCORDINGLY, for the various reasons presented, defendant asks that the court provide one form of the relief requested.

>                     RESPECTFULLY,
>                     JULIO MARIN, By His Attorney,
>
>
>                     *s/ Myles Jacobson*

Date: March 14, 2006                    _____

>                     Myles Jacobson
>                     Jacobson & Fellows
>                     16 Center Street Suite 314
>                     Northampton, MA 01061
>                     Tel: (413) 584-8181,  BBO #249600